## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **RONALD SAVERIN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| | ) |
| **UNITED STATES OF AMERICA,** | ) JURY TRIAL DEMANDED |
| | ) |
| Serve: | ) Division |
| | ) |
| U.S. Attorney Michael Reap | ) |
| Eastern District of Missouri | ) |
| Thomas Eagleton U.S. Courthouse | ) |
| 111 S. 10th St., 20th Floor | ) |
| St. Louis, MO 63102 | ) |
| | ) |
| Attorney General Eric Holder | ) |
| United States Department of Justice | ) |
| 950 Pennsylvania Avenue, NW | ) |
| Washington, DC 20530-0001 | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT—CLAIM FOR REFUND OF INTERNAL REVENUE TAX ERRONEOUSLY ASSESSED AND COLLECTED

Plaintiff Ronald Saverin, by and through his undersigned counsel, for his Complaint against Defendant Commissioner of Internal Revenue, states and alleges as follows:

1.    Plaintiff is an individual residing in Saint Louis County, Missouri. Plaintiff is a citizen of the State of Missouri. The last four digits of Plaintiff's social security number are 6143.

2.    Defendant is the United States of America.

3.    This is an action under Section 7433 of the Internal Revenue Code (26 U.S.C. § 7422) for the recovery of Trust Fund Recovery Penalties and interest erroneously assessed against Plaintiff as a Responsible Person under Section 6672 of the Internal Revenue Code.

1

4.      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346.

5.      Venue is proper pursuant to 28 U.S.C. § 1391.

## Procedural History

6.      Internal Revenue Code § 7501 provides that whenever any person is required to collect or withhold any internal revenue taxes from any other person and to pay over such tax to the United States, the amount of the tax shall be held in a special trust fund for the United States. Trust fund taxes include employment taxes and certain types of excise taxes.

7.      According to the Internal Revenue Service, WenAmerica, L.L.C., a Missouri Limited Liability Company ("WenAmerica"), allegedly failed to pay its trust fund taxes for the following periods:  06/30/2004; 12/31/2004; 06/30/2005; 09/30/2005; 12/31/2005; 03/31/2006; 06/30/2006; and 09/30/2006.

8.      The Trust Fund Recovery Penalty (TFRP) is based on IRC § 6672(a), which provides as follows: "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax on the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. . ."

9.      The IRS determined that Plaintiff was a person responsible for collecting and remitting trust fund taxes to the IRS on behalf of WenAmerica and assessed the TFRP against Plaintiff for the following periods and amounts:

| | |
|---|---|
| 06/30/2004 | $326,749.93 |
| 12/31/2004 | $92,249.04 |
| 06/30/2005 | $789.41 |

2

| | |
|---|---|
| 09/30/2005 | $1,177.58 |
| 12/31/2005 | $108,266.99 |
| 03/31/2006 | $178,578.28 |
| 06/30/2006 | $211,171.89 |
| 09/30/2006 | $201,236.60 |

10.     The tax liabilities set forth in Paragraph 9 do not include the interest which has been accruing since the date the tax liabilities were assessed as to Plaintiff.

11.     Recovery is sought of the penalties paid on March 27, 2008, of $6,450.00 with respect to the Form 941 Tax Periods ending 06/30/2004; 12/31/2004; 06/30/2005; 09/30/2005; 12/31/2005; 03/31/2006; 06/30/2006; and 09/30/2006 with regard to the payroll taxes of WenAmerica, whose Federal Employer Identification Number is 06-1496131.

12.     Pursuant to Internal Revenue Manual 5.7.7.6 (04-13-2006), on or about March 27, 2008, Plaintiff filed eight Forms 843, Claim for Refund and Request for Abatement, with the Internal Revenue Service Office located at 1122 Town & Country Commons, Chesterfield, MO  63017.  Plaintiff's correspondence was directed to Revenue Officer Thomas J. Wroble.  One Form 843 was submitted for each tax period upon which the TFRP was assessed against Plaintiff. Since the TFRP is based on employment taxes, attached to each Form 843 was payment for one employee. Plaintiff's eight Forms 843 are attached as Exhibit 1.

13.     On or about July 28, 2008, Plaintiff received eight notices from the IRS denying each of Plaintiff's claims for refund and abatement.  The notices are attached as Exhibit 2.

14.     Plaintiff is bringing this claim for refund within two years of the date Plaintiff received the notices of claim denial.

15.     Plaintiff has fulfilled all administrative requirements prior to bringing this action.

3

**Factual History**

16.     In 1998, WenAmerica acquired Wendy's stores in St. Louis, Missouri and surrounding areas.

17.     Plaintiff owned an interest in Western & Southern Food Services, L.L.C., a Missouri Limited Liability Company, which owned 64 percent of WenAmerica. Plaintiff's role in WenAmerica was solely that of an investor. He was not an officer, director, or employee. Plaintiff was not a managing member of WenAmerica.

18.     From 1998 through approximately July 2005 an individual named Michael Monahan ("Monahan") was responsible for running, both from an operational and management standpoint, WenAmerica and the Wendy's stores. Included within Monahan's responsibilities were to make Form 941 tax payments, to sign checks, to conduct and control the financial affairs of WenAmerica, and to make federal tax deposits. Monahan was the chief officer to whom all employees reported.

19.     In 1999, WenAmerica began having cash flow problems. Plaintiff, in an effort to protect his investment, began loaning money to WenAmerica through Western & Southern, Food Services, L.L.C. Plaintiff's loans enabled creditors to be paid and the stores to remain open. From 1999 through July 2005 Plaintiff loaned WenAmerica approximately $5,000,000. Upon information and belief, a significant portion of Plaintiff's funds indirectly loaned to WenAmerica were used by WenAmerica to pay employment taxes to the IRS. Plaintiff usually received promissory notes in exchange for his loans to WenAmerica. The promissory notes remain unpaid today.

20.     During the period of 2003-2004, Monahan independently decided to push creditors back, including the IRS. Plaintiff, as an investor, did not know, and had no reason to know until sometime in 2005 that Monahan failed to pay Form 941 taxes and

4

had made the IRS a non-consensual creditor in the amount of approximately $1,000,000 during the period of October 2003 through July 2004.

21. In 2005 Plaintiff was informed by Monahan of WenAmerica's federal tax liabilities. Monahan began dealing with the IRS and Revenue Officer Thomas J. Wroble to work out a formal installment agreement to pay WenAmerica's overdue tax liabilities. At no time did Plaintiff deal with the IRS with regard to this matter.

22. Shortly after Monahan entered into an installment agreement with the IRS on behalf of WenAmerica, Monahan defaulted on the Installment Agreement. Monahan resigned from WenAmerica in August 2005.

23. After August 2005, and after Monahan's resignation, Plaintiff, in an effort to protect his investment, became more involved in the business solely to ensure that all creditors, including the IRS, were paid on a current basis.

24. WenAmerica hired David Saverin to manage the business upon the resignation of Monahan. Plaintiff's involvement in the management and operations of WenAmerica did not change as he remained an investor simply interested in protecting his investment.

25. Beginning in August of 2005 through the date of WenAmerica's involuntary bankruptcy in September, 2006, Plaintiff put $2.4 million dollars into WenAmerica. Payments to the IRS were made during this period by check and electronic transfer by Western & Southern Food Services, L.L.C. in order that WenAmerica would remain current with its 941 payment requirements. Many of the payments were designated to be applied to the current tax period; however, the IRS applied the payments to the earlier periods prior to August of 2005 when Monahan was running the business.

26. All tax payments for 941 employment tax between the periods August 2005 and August 2007 were paid, but were applied by the IRS to earlier periods.

5

## COUNT I—Claim for Refund

### (26 U.S.C. § 7422)

27.    Plaintiff restates and realleges the allegations set forth in paragraphs 1-26 as if fully set out herein.

28.    The IRS's assessment of the TFRP against Plaintiff for all quarters and in all amounts stated in Paragraph 9 herein was erroneous.

    a.  Plaintiff was not a "responsible person" for purposes of IRC § 6672.

        i.  Plaintiff was neither an employee, officer, nor director of the Taxpayer;

        ii.  Monahan was the officer and manager of WenAmerica and was responsible for all 941 tax payments.  Plaintiff was simply an investor;

        iii.  Plaintiff never had check signing authority over any WenAmerica account;

        iv.  Plaintiff never saw or reviewed any payroll records;

        v.  Plaintiff never signed a payroll check;

        vi.  Plaintiff never signed a payroll tax return;

        vii.  Plaintiff never wrote and/or assigned a WenAmerica check;

        viii.  Plaintiff never had control of the financial affairs of the business;

        ix.  Plaintiff never hired or fired any of the thousands of employees of WenAmerica;

        x.  Plaintiff never decided which creditors would be paid and which would not be paid prior to Monahan's resignation from WenAmerica, and

xi.  Plaintiff never controlled the payroll disbursements of WenAmerica.

b.  Plaintiff did not act willfully with respect to WenAmerica's non payment of trust fund taxes.

29.     Plaintiff has overpaid the assessment for the periods ending 06/30/2004; 12/31/2004; 06/30/2005; 09/30/2005; 12/31/2005; 03/31/2006; 06/30/2006; and 09/30/2006 in the amount of $6,450.00.

30.     Plaintiff has met all jurisdictional requirements.

31.     As a result of Defendant's erroneous assessment of the TFRP against Plaintiff, Plaintiff has been damaged.


WHEREFORE Plaintiff prays for judgment against Defendant Commissioner of Internal Revenue as follows: declaratory relief reversing the IRS's assessment of the TFRP against Plaintiff; injunctive relief prohibiting the IRS from collection of WenAmerica's delinquent trust fund taxes from Plaintiff; compensatory damages, plus interest; reasonable attorney's fees; together with all costs and expenses, and such other further relief as the court deems proper.

Respectfully submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

*/s/ David V. Capes*
David V. Capes, #2776
Sara G. Neill, #499131
7701 Forsyth Blvd., 12th Floor
St. Louis, MO  63105
(314) 721-7701
(314) 721-0554 (fax)
capes@capessokol.com
neill@capessokol.com

7

**STIENTJES & PLISKE, L.L.C.**

*/s/ Thomas Pliske*
Thomas Pliske, # 51019
1120 Olivette Executive Parkway
Room 220
St. Louis, MO  63132
(314) 872-3988
(314) 872-7374 (fax)
tpliske@taxdefensefirm.com