**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD SAVERIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 4:09-CV-00603-JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) | Jury Trial Demanded |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| RONALD SAVERIN, | ) | |
| | ) | |
| Counterclaim Defendant, | ) | |
| and | ) | |
| | ) | |
| DAVID SAVERIN, | ) | |
| Counterclaim Defendant. | ) | |
| _____ | ) | |

<u>**UNITED STATES' ANSWER and COUNTERCLAIM**</u>

The Defendant, United States of America, answers the allegations in the Complaint as follows:

      1. Admits.

      2.  Admits.

      3. Admits.

4.  The United States alleges that if this court has jurisdiction over this civil action against the United States, jurisdiction is based on 28 U.S.C. §§ 1331, 1340, and 1346 (a)(1) and on 26 U.S.C. § 7422(a).

5.  Admits.

6.  Admits.

7.  Admits.

8.  Admits.

9.  Admits.

10.  Admits.

11.  The United States admits that plaintiff, Ronald Saverin, seeks to recover $6,450.00 with respect to the Form 941 Tax Periods ending June 30, 2004; December 31, 2004; June 30, 2005; September 30, 2005; December 31, 2005; March 31, 2006; June 30, 2006; and September 30, 2006 with regard to the payroll taxes owed by WenAmerica.

12.  Admits.

13.  The United States admits that the IRS denied each of plaintiff, Ronald Saverin's claims for reimbursement in separate letters each dated July 28, 2008.  The United States lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.

14.  Admits.

15.  The United States admits that plaintiff, Ronald Saverin, has fulfilled all administrative requirements prior to bringing this action.

16.   The United States lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.   The United States admits that plaintiff, Ronald Saverin, owned an interest in Western & Southern Food Services, L.L.C.  The United States lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17.

18.  The United States admits that between 1998 and approximately July 2005, Michael Monahan was responsible for running, both from an operational and management standpoint, WenAmerica and the Wendy's stores.  The United States lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18.

19.  The United States lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.   The United States denies that plaintiff, Ronald Saverin, did not know and had no reason to know until sometime in 2005 that WenAmerica failed to pay Form 941 taxes during the period of October 2003 through July 2004.  The United States lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20.

21.  The United States denies that in 2005 plaintiff was informed by Monahan of WenAmerica's federal tax liabilities for the first time.  The United States lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21.

22.  The United States admits that Monahan resigned from WenAmerica in August of 2005.  The United States lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22.

23. The United States admits that after August 2005 and after Monahan's resignation, that plaintiff was one of two remaining members and officers of WenAmerica. The United States denies the remaining allegations in Paragraph 23.

24. The United States admits that David Saverin was a member and an officer of WenAmerica and that after Monahan's resignation, he helped run the main office of the business. The United States denies the remaining allegations in Paragraph 24.

25. The United States admits that between August of 2005 and September of 2006, payments to the IRS were made by check and electronic transfer by Western & Southern Food Services, L.L.C. on WenAmerica's behalf and that some of those payments to the IRS were applied to quarters that pre-date August of 2005. The United States denies the remaining allegations in Paragraph 25.

26. Denies.

27. The United States incorporates and re-alleges paragraphs 1-26.

28. The United States denies all allegations in paragraphs 28(a)(I)-(xi) and 28(b).

29. Denies.

30. Admits.

31. Denies.

The United States requests that the Court deny the relief sought by the plaintiff, Ronald Saverin, dismiss the Complaint, and grant such further relief as the Court deems proper and just, including the costs of this action.

## COUNTERLCLAIM TO REDUCE LIABILITIES TO JUDGMENT

The defendant-counterclaim plaintiff, United States of America, through its undersigned counsel, alleges as follows:

1.  This counterclaim is brought pursuant to 26 U.S.C. §§6672 and 7401 of the Internal Revenue Code of 1986, to reduce to judgment the federal tax assessments made against Ronald Saverin and David Saverin, who is joined as a defendant in this counterclaim.  Ronald Saverin and David Saverin are each liable and indebted to the United States for unpaid trust fund recovery penalties.

2.  Ronald Saverin and David Saverin are indebted to the United States for unpaid trust fund recovery penalties because they were responsible persons who willfully failed to collect and pay federal employment taxes due from WenAmerica, LLC (WenAmerica)  during relevant tax periods.  *See* 26 U.S.C. §6672.

3.  Ronald Saverin was responsible for the collection and payment of federal employment taxes due from WenAmerica.  Ronald Saverin willfully failed to collect, truthfully account for and pay over to the United States the federal employment taxes due from WenAmerica for the eight quarters ending June 30, 2004, December 31, 2004, June 30, 2005, September 30, 2005, December 31, 2005, March 31, 2006, June 30, 2006 and September 30, 2006.

4.  David Saverin was responsible for the collection and payment of federal employment taxes due from WenAmerica.  David Saverin willfully failed to collect, truthfully account for and pay over to the United States the federal employment taxes due from WenAmerica for the five

quarters ending September 30, 2005, December 31, 2005, March 31, 2006, June 30, 2006 and September 30, 2006.

5.   The trust fund federal employment taxes due from WenAmerica include Federal Income Contribution Act (FICA) taxes withheld from employees' wages and income taxes withheld from employees' wages under 26 U.S.C. § 3402(a).

6.  This counterclaim has been authorized and requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is commenced at the direction of a delegate of the Attorney General of the United States, pursuant to 26 U.S.C. § 7401.

## Jurisdiction

7.  This Court has jurisdiction based on 28 U.S.C. §§ 1340, 1345, 1367, and 26 U.S.C. §7402(a).

## Venue

8.  Venue in this district is based on 28 U.S.C. §§ 1391(b).

9.  At all times relevant to this litigation, Ronald Saverin conducted business at WenAmerica, which was located within this district and David Saverin also conducted business within this district at WenAmerica.

10.  Ronald Saverin resides in Chesterfield, Missouri.  His residential addresses is within this district.  David Saverin resides in St. Louis, Missouri.  His residential address is within this district.

**Facts**

*Ronald Saverin's Liability*

11.   At all times relevant to this litigation, Ronald Saverin was responsible for the collection and payment of federal employment taxes for WenAmerica.  During the relevant periods, Ronald Saverin held – directly and indirectly – a 75% interest in WenAmerica, and he was WenAmerica's CEO and chairman.

12.   During all times relevant to this litigation, Ronald Saverin was the sole owner of Western and Southern Management, which was the designated Manager of WenAmerica.  Under WenAmerica's operating agreement, the designated Manager was responsible for "controlling the day to day operations of the company, the hiring and firing of all employees, the negotiation of all contracts concerning WenAmerica's business operations."  Only the Manager had the authority to act for and bind WenAmerica.

13.   During all times relevant to this litigation, Ronald Saverin also authorized and directed the payment of WenAmerica's expenses and other obligations.  He determined which bills WenAmerica would pay and he signed checks on behalf of WenAmerica.  Ronald Saverin controlled WenAmerica's bank accounts at all relevant times.  He also had check signing authority.

14.   Ronald Saverin knew that WenAmerica owed the IRS employment taxes for these eight quarters.  He had the duty to collect and pay the withheld federal employment taxes due from WenAmerica for these eight quarters.  He did not.  Instead, Ronald Saverin allowed other creditors and himself to be paid before the IRS was paid the withheld federal employment taxes due from WenAmerica.

*David Saverin's Liability*

15.  During the relevant periods, David Saverin was responsible for the collection and payment of federal employment taxes for WenAmerica. David Saverin was vice president of operations for WenAmerica, and, on information and belief, he owned a 5% interest in WenAmerica.

16.  During all relevant periods, he had check signing authority and the authority to direct or authorize the payment of bills.  David Saverin also has the authority to sign payroll checks.

17.  David Saverin knew that WenAmerica owed the IRS employment taxes for these five quarters.  He had the duty to collect and pay the withheld federal employment taxes due from WenAmerica for five quarters.  He did not.  Instead, David Saverin allowed other creditors to be paid before the IRS was paid the withheld federal employment taxes due from WenAmerica.

*Wen America's Delinquent Taxes*

18.  In January of 2007, an IRS Revenue officer was assigned to collect WenAmerica's delinquent tax liability.

19.  Ronald Saverin is a responsible party, who was an officer and a director of WenAmerica and who knew about the withheld federal employment taxes due from WenAmerica.  He willfully failed to collect and pay withheld federal employment taxes due as of June 30, 2004 and also due for subsequent tax periods.

20.  The IRS assessed a trust fund recovery penalty against Ronald Saverin and sent proper notice of the assessment and demand for payment to him.

21.  David Saverin is a responsible party, who was an officer and a director of WenAmerica and who knew about the withheld federal employment taxes due from WenAmerica.  David Saverin willfully failed to collect and pay withheld federal employment taxes due as of September 30, 2005 and also due for subsequent tax periods.

22.  The IRS assessed a trust fund recovery penalty against David Saverin and sent proper notice of the assessment and demand for payment to him.

*Saverin Liable for Trust-Fund Recovery Penalties*

23.  Ronald Saverin is indebted to the United States for unpaid trust fund recovery penalties.  He was responsible for the collection and payment of federal employment taxes due from WenAmerica during the relevant times, and he willfully failed to truthfully account for, collect and pay over to the United States the federal employment taxes withheld from the employees of WenAmerica during the quarters ending June 30, 2004; December 31, 2004; June 30, 2005; December 31, 2005; March 31, 2006; June 30, 2006; and September 30, 2006.

24.  The assessments of Ronald Saverin's liability were made in amounts as follows:

| Quarter | Outstanding liability (not including interest) |
| --- | --- |
| Ending June 30, 2004 | $327,663.66 |
| Ending December 31, 2004 | $93,117.04 |
| Ending June 30, 2005 | $789.41 |
| Ending September 30, 2005 | $1,577.58 |
| Ending December 31, 2005 | $109,234.99 |
| Ending March 31, 2006 | $179,533.28 |
| Ending June 30, 2006 | $212,022.39 |

| Quarter | Outstanding liability (not including interest) |
|---|---|
| Ending September 30, 2006 | $201,636.60 |
| Total Liability | $1,125,574.95 |

25.   Ronald Saverin is indebted to the United States of America, for the unpaid trust fund recovery penalties of $1,125,574.95, plus interest, as provided by law.  Despite notice and demand, Ronald Saverin has failed or refused to pay the outstanding penalty.

26.  David Saverin is indebted to the United States for unpaid trust fund recovery penalties.  He was responsible for the collection and payment of federal employment taxes due from WenAmerica during the relevant times, and he willfully failed to truthfully account for, collect and pay over to the United States the federal employment taxes withheld from the employees of WenAmerica during the quarters ending September 30, 2005; December 31, 2005; March 31, 2006; June 30, 2006; and September 30, 2006.

27.  The assessments of David Saverin's liability were made in amounts as follows:

| Quarter | Outstanding liability (not including interest) |
|---|---|
| Ending September 30, 2005 | $1,577.58 |
| Ending December 31, 2005 | $109,234.99 |
| Ending March 31, 2006 | $179,533.28 |
| Ending June 30, 2006 | $212,022.39 |
| Ending September 30, 2006 | $201,636.60 |
| Total Liability | $704,004.84 |

28.  David Saverin is indebted to the United States of America, for the unpaid trust fund recovery penalties of $704,004.84, plus interest, as provided by law.  Despite notice and demand, David Saverin has failed or refused to pay the outstanding penalty

WHEREFORE, the United States demands judgment in its favor and against Ronald Saverin and David Saverin as follows:

A.  That this Court enter judgment against Ronald Saverin and David Saverin; and

B.  That this Court enter judgment against Ronald Saverin in the amount of $1,125,574.95, plus interest accruing according to law from the date of assessment; and

C.  That this Court enter judgment against David Saverin in the amount of $704,004.84, plus interest accruing according to law from the date of the assessment; and

D.  That the Court award the United States its costs and fees, and grant such other and further relief as the Court deems just and proper.

Dated: August 18, 2009

MICHAEL W. REAP
Acting United States Attorney

/s/ Wesley Wedemeyer
WESLEY WEDEMEYER
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, 20th Floor
St. Louis, MO 63102

/s/ Allyson B. Baker
ALLYSON B. BAKER
D.C. Bar # 478073
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 7238
Washington, D.C. 20044
(202) 353-8031 (Phone)
(202) 514-6770 (Fax)
Email: allyson.b.baker@usdoj.gov

Attorneys for the United States

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2009, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF System which will send notification of such filing to the

following:

> David V. Capes
> Sara G. Neill
> Capes, Sokol, Goodman & Sarachan, P.C.
> 7701 Forsyth Blvd., 12th Floor
> St. Louis, MO 63105
> capes@capessokol.com
> neill@capessokol.com
>
>
> Thomas Pliske
> Stientjes & Pliske, L.L.C.
> 1120 Olivette Executive Parkway
> Room 220
> St. Louis, MO 63132
> tpliske@taxdefensefirm.com
>
> *Attorneys  for Ronald Saverin*

> /s/ Wesley Wedemeyer
> WESLEY WEDEMEYER
> Assistant United States Attorney
> Thomas F. Eagleton U.S. Courthouse
> 111 South 10th Street, 20th Floor
> St. Louis, MO 63102

- 13 -