UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD SAVERIN, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV0603 JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant(s). | ) | |
| -------------------------------------------------------- | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RONALD SAVERIN, | ) | |
| | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAVID SAVERIN | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

**<u>ORDER</u>**

This matter is before the Court on David Saverin's (1) Motion to Set Aside Default, (2) Motion for Leave to File Answer Out of Time, and (3) Opposition to Motion for Default Judgment ("Motion"), filed on March 21, 2011. (Doc. No. 66).  On March 24, 2011, the United States filed a Memorandum in Opposition to David Saverin's Motion to Set Aside Entry of Default, Leave to File Answer Out of Time and Reply in Support of the United States' Motion for Entry of Default Judgment as to David Saverin ("Response").  (Doc. No. 76).  David Saverin ("Saverin") has waived his right to file a reply brief, and this matter is ready for disposition.

## LEGAL STANDARD

Under Fed.R.Civ.P. 55(c), the Court may set aside an entry of default for good cause.  "When examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'"  Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008) (quoting Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998).

## DISCUSSION

A.      Blameworthy or Culpable Conduct

At oral argument, counsel for Saverin conceded that he may have been properly served.  Indeed, Saverin was served on August 25, 2009.  (Doc. No. 9).  Further, a clerk's entry of default was made on November 5, 2009, and a copy of that entry of default also was sent to Saverin.  (Doc. No. 13).  Thus, the entry of default has been on file for more than 16 months.

Counsel suggests that Saverin was not culpable because of the personal conditions of his life and because he "mistakenly believed he could not win."  (Motion, pp. 5-6).  These reasons do not excuse Saverin's failure to respond to the Complaint or to attempt to set aside the default in a timely manner.  Saverin was served with the Complaint and provided notice of the default entry and purposefully decided not to defend his interests.  Saverin's personal troubles do not excuse his purposeful (not negligent) decision to ignore this action simply because he believed the result would be adverse.  (Motion, p. 6).  The Court finds that Saverin was not blameless in his failure to timely appear.  The Court finds no reason to set aside the default entry on this basis.

Saverin also claims that he did not know that a default had been entered against him.  Saverin states that his mail was "not always getting to him" and that he does not recall learning that default had been entered against him prior to March 18, 2011.  (Motion, p. 8)

Although Saverin claims that he was unaware that a default was entered, his assertions to the contrary lack credibility.  The Court notes that Saverin's father, Ronald Saverin, is an attorney and has been litigating this case for two years.  As part of that case, the government twice served Saverin with deposition notices, to which he did not respond.  (Response, p. 13, n. 2).  In addition's to Ronald Saverin's involvement in this litigation, Saverin himself is listed as a potential trial witness. (Doc. No. 57).[1]

Moreover, Saverin tacitly admitted that he was provided notice of the litigation and subsequent default.  Saverin stated that he decided not to defend against the action because he believed he did not have a defense. Saverin cannot claim in the same motion that he did not defend this litigation because he was provided ill-advised legal advice and also claim that he did not receive notice of the litigation and the default. The Court finds that Saverin's purported lack of notice of the default does not provide a basis for setting aside the default.

B.     Meritorious Defense

Saverin argues that the entry of default should be set aside because he has potentially meritorious defenses.  Specifically, Saverin states that "(1) WenAmerican actually paid all of the Trust Fund portion of its employment taxes during the periods for which the TFRP has been assessed against David, and (2) that given the unique facts of his involvement with WenAmerica he was not

---

[1]The Court notes that Saverin is listed on the witness list at the same address to which the entry of default was mailed and where he was served with the Complaint.

- 3 -

a 'Responsible Person' under IRC §6672, and (3) he certainly did not 'willfully' fail to pay WenAmerica's Trust Fund employment taxes." (Motion, p. 6).

Saverin asserts that employment taxes were paid to the IRS that covered the Trust Fund portion and that WenAmerica instructed the IRS to apply these payments to the Trust Fund portion of its employment tax liability. (Motion, p. 7). The IRS, however, "applied the money elsewhere to WenAmerica's non-trust fund liabilities for penalties, interest and the employer-matching portion of FICA." (Id.). Thus, Saverin claims that the IRS created the unpaid Trust Fund liability that would not have existed if it had applied the tax payments as instructed. Saverin provides no documents, affidavits or other evidence to support this defense.

The government disputes Saverin's claim that he has a meritorious defense. (Response, pp. 7-13). The government states that WenAmerica provided payments pursuant to an installment agreement. The installment agreement payments were involuntary and, therefore, "the United States was allowed to apply these payments in the manner that best served its interests, including to non-trust fund portions of employment tax liabilities ahead of trust fund portions." (Response, p. 12). WenAmerica only could have designated voluntary payments, which would have been in addition to any payments under the installment agreement. (Id.). The government contends that WenAmerica breached the installment agreement and it is unlikely that it has any proof of making any payments in excess of the installment payments. (Id.).

Here, Saverin has failed to provide any evidence to support his alleged meritorious defense. "[B]ald allegation[s] . . . without the support of facts underlying the defense, will not sustain the burden of the defaulting party to show cause why the entry of default should be set aside; the trial court must have before it more than mere allegations that a defense exists." Fink v. Swisshelm, 182 F.R.D. 630, 633 (D. Kan. 1998). Saverin's belated theory of nonliability based upon some

- 4 -

unsubstantiated voluntary payments is insufficient to set aside the default, absent some evidence to support its merit.  "[T]he issue is whether the proffered evidence 'would permit a finding for the defaulting party,' not whether it is undisputed."  Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 785 (8th Cir. 1998)(quoting Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988); 10 Wright, Miller, and Kane at § 2697).  Saverin has provided no such proffer of evidence, and the Court will not set aside the default on this basis.

C.     Prejudice

Saverin claims that no prejudice would result to the government if the default judgment were set aside.  (Motion, p. 9).  Although the government represented that it would move for a continuance if the default judgment is set aside, Saverin claims, without support, that no prejudice to the government will result from a continuance.  (Id.).

In response, the government states that it would be prejudiced if the default were set aside. As stated, a default judgment was entered against Saverin more than 16 months ago.  The government has not done any discovery against Saverin; therefore, it would need a continuance if the Court set aside the entry of default. (Response, pp. 13-14).  In the meantime, Ronald Saverin already has obtained several continuances in this case.  (Doc. Nos. 26, 29, 36, 37, 41, 42).  The government is attempting to collect a tax liability of the $1.125 million assessment against Ronald Saverin, of which he has only paid $6,450.00.

The Court finds that the government would be prejudiced if the Court set aside the default judgment and delayed this action again.  Any further delay postpones the government's potential recovery of this outstanding tax liability.  In addition, the Court finds no benefit to allowing a delay, given the reasons outlined above.  The Court denies Saverin's motion to set aside the default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that the David Saverin's (1) Motion to Set Aside Default, (2) Motion for Leave to File Answer Out of Time, and (3) Opposition to Motion for Default Judgment (Doc. No. 66) is **DENIED**.


Dated this 25th  day of March, 2011.




/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE