# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RONALD SAVERIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 4:09-CV-00603-jch |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Jury Trial Demanded |
| | ) | |
| Counterclaim Plaintiff | ) | |
| v. | ) | |
| | ) | |
| RONALD SAVERIN | ) | |
| | ) | |
| Counterclaim Defendant | ) | |
| and | ) | |
| | ) | |
| DAVID SAVERIN | ) | |
| Counterclaim Defendant. | ) | |

### UNITED STATES' MEMORANDUM IN OPPOSITION TO
### PLAINTIFF'S MOTION IN LIMINE

The United States submits this memorandum in opposition to Plaintiff's Motion in Limine to Exclude Evidence Not Relevant to Periods At Issue, Dkt. No. 67.

### Introduction

Saverin contends that the Court should exclude any evidence that "did not occur during a specific period at issue." Specifically, the periods at issue to which he refers are the eight quarters between 2004 and 2006 for which Saveirn was assessed with trust fund penalties, totaling more than $1.125 million. The assessments were made for the second and fourth quarter of 2004 (ending June 30 and December 31); the second, third and fourth quarters of 2005

(ending June 30, September 30 and December 31); and the first, second and third quarters of 2006 (ending March 31, June 30 and September 30). The IRS' assessment is presumptively correct, and at trial, Saverin bears the burden of showing by a preponderance of the evidence that he was not a responsible person and that he did not act willfully. *See e.g., Honey v. United States*, 963 F.2d 1083, 1087 (8th Cir. 1992).

## Argument

The Court should deny Saverin's motion in limine because it contravenes the Federal Rules of Evidence, case law, common sense, not to mention his exhibit list.

### A.  Relevant Evidence Necessarily Includes Evidence Of Events And Correspondence That Occurred Outside The Eight Assessed Quarters

Evidence that tends to make "the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," is relevant evidence. Fed. R. Evid. 401. Moreover, "[e]vidence of the habit of a person or of the routine practice of an organization, regardless of whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." Fed. R. Evid. 406.

In this trust fund recovery penalty case, the only two relevant queries are whether Saverin was a responsible person, who willfully failed to pay over trust fund taxes to the United States. The responsible person inquiry considers "whether the person had control of the disbursements of the taxpayer [the company], that is whether 'he had the final word as to what bills should or should not be paid and when.'" *Anderson v. United States*, 561 F.2d 162, 165 (8th Cir. 1977) (citation omitted). In addition, there are other factors that also inform this inquiry, including

2

whether a person is an officer, director or member of the board of directors of the company; whether the person has a substantial ownership interest in the company; whether the person had the authority to hire or fire employees; and whether the person has authority to sign company checks. *See Riley v. United States*, 2002 WL 1760856 at *2 (E.D. Mo., June 4, 2002). A responsible person acts willfully in failing to pay over a company's trust fund taxes when that person has "acted or failed to act consciously and voluntarily and with knowledge or intent that as a result of action or inaction trust funds for government are not paid but instead used for other purposes." *Anuforo v. Comm'r of Internal Revenue Serv.*, 614 F.3d 799, 806 (8th Cir. 2010). "'Evidence that the responsible person had knowledge of payments to other creditors, including employees, after he was aware of the failure to pay over withholding taxes is proof of willfulness as a matter of law.'" *Anuforo*, 614 F.3d at 806 (citations omitted). *See also Colosimo*, 630 F.3d at 749. In addition, a responsible person also is willful if that person acts "with a reckless disregard of a known or obvious risk that trust funds will not be remitted to the government." *Colosimo v. United States*, 630 F.3d 749 (8th Cir. 2010).

Thus, relevant evidence is evidence that, among other things, tends to show Saverin's involvement or lack of involvement with WenAmerica's corporate finances; Saverin's role, if any, in determining whether and when the company paid its creditors and in what priority; whether Saverin had check signing authority; whether he had the authority to hire and fire employees; whether he knew about WenAmerica's outstanding employment tax liabilities; whether he had this knowledge and also caused the company to pay other creditors before the IRS; and whether Saverin acted with reckless disregard as to WenAmerica's employment tax liabilities. Saverin's habits and routines, as well as the routine business practices of

WenAmerica necessarily inform these issues.[1] The government cannot be asked to litigate its case in a vacuum, and it cannot be relegated only to evidence from quarters for which Saverin was assessed with trust fund penalties. This is especially true because the assessed quarters are contiguous in time, with the exception of the third quarter of 2004 and first quarter of 2005.

Courts have routinely held that evidence from outside the assessed quarters is relevant evidence. For example, in *Turner v. United States*, 2005 WL 3747959 (W.D. Wash. 2005), the court rejected a nearly-identical argument. In *Turner*, the plaintiff had been assessed with trust fund penalties for the last two quarters of 2000 and first quarter of 2001, and the court admitted evidence that showed that Turner, the plaintiff, had ensured that a company's creditor was receiving payments in August of 2001, the third quarter of 2001. That court explained that "such evidence is relevant because it shows that [the plaintiff's] authority to influence who got paid from corporate funds existed as late as August 2001," and by extension, during the first quarter of 2001. *Id*. at * 8. Similarly, in *Shore v. Brown*, 2009 WL 3273249 at * 4 (E.D. Cal., Oct. 9, 2009), the court also rejected a Saverin-like argument. In *Shore* the plaintiff had been assessed with trust fund penalties for the second, third and fourth quarters of 1997, all four quarters of 1998, and for all four quarters in 1999. The court rejected plaintiff's argument that the court could only admit evidence from the assessed quarters and that evidence from earlier quarters was not relevant, explaining that such evidence showed that the plaintiff knew about the company's "dire financial condition in early 1997," even though the first assessed quarter was in the spring of 1997. *Id* at * 10 n.17. Thus, helping to show that the plaintiff had acted willfully. *See also,*

---

[1] The government, however, does not seek to introduce evidence of Saverin's conduct that occurred only in un-assessed quarters to prove what his conduct was during the assessed quarters.

*Jefferson v. United States*, 546 3d 477, 481 n.1 (7th Cir. 2001).

Saverin's relevance arguments not only contravene the Rules of Evidence and case law, they contravene common sense. Here, there is no trust fund recovery penalty for the third quarter of 2004, so for example, under Saverin's reasoning, an email that he sent on September 30, 2004 (the last day of the third quarter) instructing WenAmerica employees to pay certain creditors instead of the IRS would not be relevant to what happened at WenAmerica on October 1, 2004 (the first day of the fourth quarter), because the email was sent during an unassessed quarter. Obviously, a September 30 email would likely inform employee actions that were taken the very next day. And under Saverin's relevance theory, he also would be barred from offering into evidence any email that he sent to WenAmerica employees during February and March of 2005 (during the first quarter) that states that he had no future intentions of remaining involved in the company's corporate management and finances starting on April 1, 2005, the first day of the second quarter. Of course, if such emails exist, they would be probative of the question of Saverin's liability to the extent they tend to show whether he remained involved in the company's corporate management and finances during the second quarter of 2005. Similarly, testimony from former WenAmerica employees who worked at WenAmerica during assessed quarters and unassessed quarters is also relevant to show Saverin's habits and routines during the time of that witness' employment at WenAmerica, and probative of whether he was responsible and acted willfully. Saverin's motion would exclude evidence that is clearly relevant.

      **B.**     **Saverin's Arguments Contradict The Law He Cites And The Exhibits He Has Designated**

Saverin also relies on case law that fails to prove his point, and actually underscores the

reason why evidence showing habit and routine is admissible in a trust fund recovery case. Saverin especially relies on two cases.  First, he cites *Vinick v. United States*, 205 F.3d 1 (1 st Cir. 2000). But *Vinick* stands for a different proposition than what he contends.  In that case, the court "identif[ied] several distinct eras of corporate governance" for the company at issue.  *Id*. at 11. The *Vinick* court made this observation because these distinct eras involved very different corporate structures for the same company, mainly its pre-bankruptcy and post-bankruptcy phases.  The assessed quarters were during the company's pre-bankruptcy phase, but during its post-bankruptcy phase, Vinick had signed many of the company's checks sent to creditors.  The *Vinick* court held that the district court had improperly allowed evidence of Vinick's check-signing in later quarters to show that he had been a responsible person during the assessed quarters.  *Id*. at 6, n. 3.  In *Vinick*, the government could not use evidence of Vinick's routine of signing checks during the unassessed quarters to prove what his routine was during the assessed quarters when he did not sign company checks.  But this is not the situation here.  *See supra* n. 1. And Saverin misconstrues the *Vinick* holding.

Saverin also relies on *Kenagy v. United States*, 942 F.2d 459 (1991).  In *Kenagy*, the court distinguished among the assessed quarters themselves because of the very disparate roles Kenagy played during the different quarters.  Kenagy was assessed with trust fund penalties for the second, third and fourth quarters of 1985.  But during the second quarter of 1985 and first half of the third quarter, Kenagy was the "office secretary . . . and had the 'paper' title of office manager. . . .[D]uring this period she was not an officer, a director or an owner, she did not attend owner meetings or manager meetings, she could not hire or fire, sell or purchase assets, direct or withhold payments, or borrow on behalf of the corporation."  *Id*. at 465.  This changed

6

during the second half of the third quarter and fourth quarter when Kenagy became "an authorized signatory" for the company's bank account, "was given corporate borrowing authority, signed substantially all the checks, and remitted two corporate payroll tax payments." *Id*. at 467.  In other words, Kenagy went from being an administrative assistant to a person charged with depositing and signing-off on the company's payroll and having other managerial duties within a matter of months.  Thus, her conduct at the end of the assessed quarters could not be used to show what her routine must have been at the beginning of the assessed quarters. Saveirn contends that "his involvement with WenAmerica was sporadic and limited to specific circumstances." (Mem. at 4).  But Saverin did not go from being an administrative assistant to the CEO and chairman of WenAmerica in three months.  To the contrary, as Saverin always owned WenAmerica, was always its largest shareholder, always had check signing authority and the authority to hire and fire employees, even if he was never the only person who had this authority.  Here, too, Saverin relies on a case whose facts are inapposite to the facts in this case.

      Moreover, even as Saverin seeks to bar the government from introducing certain evidence that concerns events outside the assessed quarters, he has listed numerous trial exhibits that were generated during the unassessed quarters.  Specifically, plaintiff exhibit numbers 8 and 51-60 all concern events that happened outside of the assessed quarters.  Saverin has even asked the government to stipulate that IRS transcripts of the WenAmerica account from unassessed quarters are admissible.  Saverin wants the opportunity to introduce the very same type of evidence that he would try to prohibit the government from introducing.  Moreover, evidence of IRS transcripts or of Saverin's proofs of claim from WenAmerica's bankruptcy proceedings (exh. nos. 51-61) do not tend to show whether he was a responsible person or whether he acted

7

willfully within the meaning of I.R.C. §6672, let alone establish that Saverin acted in accordance with habit or routine. Saverin's motion should be denied. It contravenes well-established law, creates a definition of relevance that makes no sense, and his motion relies on inapposite case law while ignoring Saverin's own designation of exhibits that concern occurrences from outside the assessed quarters.

Dated: March 25, 2011

                                        Respectfully submitted,

                                        /s/Allyson B. Baker
                                        ALLYSON B. BAKER
                                        SHERRA WONG
                                        Trial Attorney, Tax Division
                                        United States Department of Justice
                                        Washington, D.C. 20044
                                        (202) 353-8031 (Phone)
                                        (202) 514-6770 (Fax)
                                        Email: allyson.b.baker@usdoj.gov

                                        Attorney for the United States

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Nicholas J. Richards
2100 W. Littleton Blvd., Suite 300
Littleton, CO 80120
nick@andersonjahde.com

*Attorney for Ronald Saverin*

                                                  s/ Allyson B. Baker
                                                  ALLYSON B. BAKER

                                                  *Attorney for the United States*