
# PROCESS SERVICE INVOICE

Bill To:    **U S DOJ Tax Division -PO BOX 7238**
**PO BOX 7238**
**Ben Franklin Station**
**Washington, DC 20044**

Account #: 107072          Phone: 202 514-6546
Client Attn:
Order Attn: Sanquetta Slater

INVOICE #: **6608944**

DATE:          Nov 18 2010
BILL REF:

## AMOUNT DUE : **$75.00**

| | |
|---|---|
| COURT: | UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MISSOURI |
| CASE NAME: | RONALD SAVERIN   vs. UNITED STATES OF AMERICA |
| CASE NUMBER: | 4:09-CV-00603-JCH          HEARING DATE: Dec 8 2010 |
| SERVEE: | CURTIS BLACKFORD |
| PERSON SERVED: | CURTIS BLACKFORD  NAMED DEFENDANT, A white male approx. 45-55 years of age 6'0"-6'2" in height weighing 180-200 lbs with blonde hair |
| SERVICE DATE: | Nov 4 2010 2:01PM    SERVED BY: Michael H. Bailey |
| SERVICE ADDRESS: | |
| DOCUMENTS: | SUBPOENA IN A CIVIL CASE |
| SERVICE NOTE | |

**BAD ADDRESS LIST**

**INVESTIGATION STATUS:**

| SERVICE PERFORMED | NOTE | RATE |
|---|---|---|
| SERVICE OF PROCESS | | 75.00 |

| | |
|---|---|
| SUB TOTAL | 75.00 |
| PREPAID RETAINER | 0.00 |
| AMOUNT DUE | 75.00 |

> **Government Exhibit**
> C

Documents are served in accordance with and pursuant to; the statutes or court rules of the jurisdiction in which the matter originates, and/or the statutes or court rules of the state in which service took place, and client instructions. If service was substituted upon another person or left with a person who refused to identify him or herself, it is incumbent upon the client to notify ABC and/or PFI immediately, in writing, if further attempts to serve, serve by mail, or investigate are required.

OFFICIAL PROCESS SERVER TO
U.S. DEPT. OF JUSTICE AND U.S. STATE DEPT.

RONALD SAVERIN

Plaintiff/Petitioner

vs.
UNITED STATES OF AMERICA

Defendant/Respondent

Hearing Date: 12/08/2010

CAUSE NO:
4:09-CV-00603-JCH

AFFIDAVIT OF SERVICE OF:
SUBPOENA IN A CIVIL CASE

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **4th day of November, 2010**, at **2:01 PM**, at the address of ⸻⸻⸻⸻⸻⸻⸻⸻⸻⸻⸻⸻⸻⸻⸻; this affiant served the above described documents upon **CURTIS BLACKFORD**, by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with **CURTIS BLACKFORD, NAMED DEFENDANT, A white male approx. 45-55 years of age 6'0"-6'2" in height weighing 180-200 lbs with blonde hair.**

No Information was provided or discovered that indicates that the subjects served are members of the U.S. military.

DATED this **5th** day of **November, 2010**.

_Michael H. Bailey_

Michael H. Bailey, Reg. # ULG9205, St. Louis, MO

SUBSCRIBED AND SWORN to before me this **5th** day of **November, 2010**

_Sarah M. Hayes_

NOTARY PUBLIC in and for the State of Missouri
Residing at: _Jeffco   Mo_
My Commission Expires: _2-22-14_

FOR: **U S DOJ Tax Division -PO BOX 7238** ORIGINAL PROOF OF SERVICE

Tracking #: 6608944 SEA



SARAH M. HAYES
My Commission Expires
February 22, 2014
Jefferson County
Commission #10938823



**PFI** PROCESS FORWARDING INTERNATIONAL

633 Yesler Way Seattle, WA 98104    www.pfiserves.com
800 232-8854    206 521-9000    fax: 800 734-6859

# PROCESS SERVICE INVOICE

| Bill To: | U S DOJ Tax Division -PO BOX 7238 |
|---|---|
| | PO BOX 7238 |
| | Ben Franklin Station |
| | Washington, DC 20044 |

Account #: 107072          Phone: 202 514-6546
Client Attn:
Order Attn: Sanquetta Slater

INVOICE #: **6608945**

DATE:  Jan 7 2011
BILL REF:

**AMOUNT DUE : $115.00**

| | |
|---|---|
| COURT: | UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MISSOURI |
| CASE NAME: | RONALD SAVERIN  vs. UNITED STATES OF AMERICA |
| CASE NUMBER: | 4:09-CV-00603-JCH                    HEARING DATE: Dec 7 2010 |
| SERVEE: | JEFFREY CLYDE |
| PERSON SERVED: | |
| SERVICE DATE: | SERVED BY: |
| SERVICE ADDRESS: | |
| DOCUMENTS: | SUBPOENA IN A CIVIL CASE |

SERVICE NOTE
11/10/2010 13:04: No Answer at the door
11/11/2010 10:05: Per white male neighbor approx. 55-65 years of age 5'8"-5'10" in height weighing 180-200 lbs with gray hair,
Subject moved (left no forwarding address)

BAD ADDRESS LIST

INVESTIGATION STATUS:

| SERVICE PERFORMED | NOTE | RATE |
|---|---|---|
| | | 115.00 |
| SERVICE OF PROCESS | | 115.00 |
| | SUB TOTAL | 115.00 |
| | PREPAID RETAINER | 0.00 |
| | AMOUNT DUE | 115.00 |

Documents are served in accordance with and pursuant to; the statutes or court rules of the jurisdiction in which the matter originates, and/or the statutes or court rules of the state in which service took place, and client instructions. If service was substituted upon another person or left with a person who refused to identify him or herself, it is incumbent upon the client to notify ABC and/or PFI immediately, in writing, if further attempts to serve, serve by mail, or investigate are required.

OFFICIAL PROCESS SERVER TO
U.S. DEPT. OF JUSTICE AND U.S. STATE DEPT.

Page 1 of 1
OR_PFI_INV

RONALD SAVERIN

                Plaintiff/Petitioner

vs.

UNITED STATES OF AMERICA

                Defendant/Respondent

Hearing Date: 12/07/2010

CAUSE NO: **4:09-CV-00603-JCH**

DECLARATION OF NON SERVICE OF:
SUBPOENA IN A CIVIL CASE

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

Declarant states s(he) attempted to serve **JEFFREY CLYDE** at the address of: MO _____ and was unable to effect service for the following

reasons:

**11/10/2010 1:04 PM: No Answer at the door**
**11/11/2010 10:05 AM: Per white male neighbor approx. 55-65 years of age 5'8"-5'10" in height weighing 180-200 lbs with gray hair, Subject moved (left no forwarding address)**

Declarant hereby states under penalty of perjury under the laws of the State of **Missouri** that the statement above is true and correct.

DATED this **11th** day of **November, 2010.**

Michael H. Bailey, Reg. # ULG9205, St. Louis, MO

FOR: **U S DOJ Tax Division -PO BOX 7238** ORIGINAL PROOF OF
SERVICE

Tracking #: 6608945 SEA

 Dwker

**PFI** PROCESS FORWARDING INTERNATIONAL.

633 Yesler Way Seattle, WA 98104   www.pfiserves.com
800 232-8854    206 521-9000    fax: 800 734-6859

# PROCESS SERVICE INVOICE

Bill To:  **U S DOJ Tax Division -PO BOX 7238**
**PO BOX 7238**
**Ben Franklin Station**
**Washington, DC 20044**

Account #: 107072          Phone: 202 514-6546
Client Attn:
Order Attn: Sanquetta Slater

INVOICE #: **6608946**



DATE:      Nov 19 2010
BILL REF:

## AMOUNT DUE : **$75.00**

| | |
|---|---|
| COURT: | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF ILLINOIS |
| CASE NAME: | RONALD SAVERIN  vs. UNITED STATES OF AMERICA |
| CASE NUMBER: | 4:09-CV-00603-JCH          HEARING DATE: Dec 8 2010 |
| SERVEE: | KERRY MALLEY |
| PERSON SERVED: | KERRY MALLEY  NAMED DEFENDANT, A white female approx. 40-45 years of age 5'8"-5'10" in height weighing 180-200 lbs with brown hair |
| SERVICE DATE: | Nov 10 2010  8:04PM      SERVED BY: LARA FLIEGER |
| SERVICE ADDRESS: | |
| DOCUMENTS: | SUBPOENA IN A CIVIL CASE |
| SERVICE NOTE | |

BAD ADDRESS LIST

INVESTIGATION STATUS:

| SERVICE  PERFORMED | NOTE | | RATE |
|---|---|---|---|
| SERVICE OF PROCESS | | | 75.00 |
| | | SUB TOTAL | 75.00 |
| | | PREPAID RETAINER | 0.00 |
| | | AMOUNT DUE | 75.00 |

Documents are served in accordance with and pursuant to; the statutes or court rules of the jurisdiction in which the matter originates, and/or the statutes or court rules of the state in which service took place, and client instructions. If service was substituted upon another person or left with a person who refused to identify him or herself, it is incumbent upon the client to notify ABC and/or PFI immediately, in writing, if further attempts to serve, serve by mail, or investigate are required.

O F F I C I A L   P R O C E S S   S E R V E R   T O
U. S.  D E P T.  O F  J U S T I C E  A N D  U. S.  S T A T E  D E P T.

Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ ILLINOIS

Ronald Saverin

V.

United States of America

### SUBPOENA IN A CIVIL CASE

Case Number:[1] 4:09-CV-00603-jch

TO:  Kerry Malley

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION United States' Attorney's Office, Eastern District of Missouri,  Eagleton U.S. Courthouse, 111 S. 10th Street, 20th Floor, St. Louis, MO 63102 | DATE AND TIME 12/8/2010 9:30 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Attachment A.

| PLACE United States' Attorney's Office, Eastern District of Missouri, Thomas Eagleton U.S. Courthouse, 111 S. 10th Street, 20th Floor, St. Louis, MO 63102 | DATE AND TIME 11/19/2010 5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for United States | DATE 11/01/10 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Allyson Baker, Department of Justice, Civil Tax Division
P.O. Box 7428, Washington, DC 20044; 202-353-8031

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 11/10/10   8:04pm | |

SERVED ON (PRINT NAME)

*KERRY MALLEY*

MANNER OF SERVICE

SERVED BY (PRINT NAME)

*LARA FLIEGER*

TITLE

*PROCESS SERVER*

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___11/12/10___
DATE

SIGNATURE OF SERVER

*60 S. MAIN ST*
ADDRESS OF SERVER

*GLEN CARBON IL 62034*

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).



633 Yesler Way Seattle, WA 98104   www.pfiserves.com
800 232-8854    206 521-9000   fax: 800 734-6859

# PROCESS SERVICE INVOICE

Bill To:  **U S DOJ Tax Division -PO BOX 7238**
**PO BOX 7238**
**Ben Franklin Station**
**Washington, DC 20044**

Account #: 107072          Phone: 202 514-6546
Client Attn:
Order Attn: Sanquetta Slater

INVOICE #: **6659158**



DATE:     Feb  1 2011
BILL REF:

## AMOUNT DUE : **$115.00**

COURT:              UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS
CASE NAME:       RONALD SAVERIN  vs. UNITED STATES OF AMERICA
CASE NUMBER:   4:09-CV-00603-JCH                          HEARING DATE: Jan 28 2011
SERVEE:            KERRY MALLEY
PERSON SERVED: KERRY MALLEY  NAMED DEFENDANT, A white female approx. 40-45 years of age 5'6"-5'8" in height
weighing 200-220 lbs with brown hair
SERVICE DATE:    Jan 26 2011  6:07PM      SERVED BY: LARA FLIEGER
                   ~~WILLIAM DORSEY, IL 62035~~
DOCUMENTS:       SUBPOENA IN A CIVIL CASE
SERVICE NOTE

BAD ADDRESS LIST

INVESTIGATION STATUS:

| SERVICE  PERFORMED | NOTE | | RATE |
|---|---|---|---|
| | | | 115.00 |
| SERVICE OF PROCESS | | | 115.00 |
| | | SUB TOTAL | 115.00 |
| | | PREPAID RETAINER | 0.00 |
| | | AMOUNT DUE | 115.00 |

Documents are served in accordance with and pursuant to; the statutes or court rules of the jurisdiction in which the matter originates, and/or the statutes or court rules of the state in which service took place, and client instructions. If service was substituted upon another person or left with a person who refused to identify him or herself, it is incumbent upon the client to notify ABC and/or PFI immediately, in writing, if further attempts to serve, serve by mail, or investigate are required.

OFFICIAL  PROCESS  SERVER  TO
U.S.  DEPT.  OF  JUSTICE  AND  U.S.  STATE  DEPT.

IN THE
UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD SAVERIN

Plaintiff/Petitioner

vs.

UNITED STATES OF AMERICA

Defendant/Respondent

Hearing Date: **01/28/2011**

CAUSE NO:
**4:09-CV-00603-JCH**

AFFIDAVIT OF SERVICE OF:
**SUBPOENA IN A CIVIL CASE**

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **26th** day of **January, 2011**, at **6:07 PM**, at the address of
_____; this affiant served the above described documents upon
**KERRY MALLEY**, by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **KERRY MALLEY, NAMED DEFENDANT, A white female approx. 40-45 years of age 5'6"-5'8" in height weighing 200-220 lbs with brown hair**.

No Information was provided or discovered that indicates that the subjects served are members of the U.S. military.

DATED this **27th** day of **January, 2011**.

LARA FLIEGER, Reg. # 129-312199, MADISON COUNTY, IL

SUBSCRIBED AND SWORN to before me this **27th** day of **January, 2011**

NOTARY PUBLIC in and for the State of **Illinois**
Residing at: 60 S Main St Glen Carbon, IL 62034
My Commission Expires: 2-7-12

FOR: **U S DOJ Tax Division -PO BOX 7238** ORIGINAL PROOF OF SERVICE

Tracking #: **6659158** SEA

OFFICIAL SEAL
KATHY L ASSNER
Notary Public – State of Illinois
My Commission Expires Feb 7, 2012



# PROCESS SERVICE INVOICE

Bill To:  **U S DOJ Tax Division -PO BOX 7238**
**PO BOX 7238**
**Ben Franklin Station**
**Washington, DC 20044**

Account #:  107072          Phone: 202 514-6546
Client Attn:
Order Attn:  Sanquetta Slater

INVOICE #:  **6222504**

DATE:      May 26 2010
BILL REF:

**AMOUNT DUE : $115.00**

COURT:               UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MISSOURI
CASE NAME:           RONALD SAVERIN  vs. UNITED STATES OF AMERICA
CASE NUMBER:         4:09-CV-00603-JCH                HEARING DATE: May 14 2010
SERVEE:              MICHAEL MONAHAN
PERSON SERVED:       MICHAEL MONAHAN NAMED DEFENDANT, A white male approx. 45-55 years of age 5'8"-5'10" in height
                     weighing 240-260 lbs with gray hair
SERVICE DATE:        May 20 2010  8:00PM    SERVED BY: Michael H. Bailey
SERVICE ADDRESS:
DOCUMENTS:           SUBPOENA IN A CIVIL CASE
SERVICE NOTE
  04/29/2010 12:01: No Answer at the door, dark inside, quiet inside, no activity inside
  05/01/2010 20:21: No Answer at the door, dark inside, quiet inside, no activity inside
  05/04/2010 16:12: No Answer at the door, dark inside, quiet inside, no activity inside
  05/04/2010 21:28: No Answer at the door, dark inside, quiet inside, no activity inside
  05/06/2010 11:14: No Answer at the door, dark inside, quiet inside, no activity inside
  05/07/2010 20:01: No Answer at the door, dark inside, quiet inside, no activity inside
  05/12/2010 15:18: No Answer at the door, dark inside, noises inside, movement inside,Two bull dogs inside.
  05/14/2010 17:00: No Answer at the door, dark inside, noises inside, movement inside, vehicle present (FB9A7A MISSOURI ISSUE)

BAD ADDRESS LIST

INVESTIGATION STATUS:

| SERVICE  PERFORMED | NOTE | RATE |
|---|---|---|
| SERVICE OF PROCESS | | 115.00 |
| | SUB TOTAL | 115.00 |
| | PREPAID RETAINER | 0.00 |
| | AMOUNT DUE | 115.00 |

Documents are served in accordance with and pursuant to; the statutes or court rules of the jurisdiction in which the matter originates, and/or the
statutes or court rules of the state in which service took place, and client instructions. If service was substituted upon another person or left with a
person who refused to identify him or herself, it is incumbent upon the client to notify ABC and/or PFI immediately, in writing, if further attempts to
serve, serve by mail, or investigate are required.

O F F I C I A L   P R O C E S S   S E R V E R   T O
U.S. DEPT. OF JUSTICE AND U.S. STATE DEPT.

| | |
|---|---|
| RONALD SAVERIN | Hearing Date: 05/14/2010 |
| Plaintiff/Petitioner | CAUSE NO: 4:09-CV-00603-JCH |
| vs. | AFFIDAVIT OF SERVICE OF: |
| UNITED STATES OF AMERICA | SUBPOENA IN A CIVIL CASE |
| Defendant/Respondent | |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the 20th day of May, 2010, at 8:00 PM, at the address of
this affiant served the above described documents upon **MICHAEL MONAHAN**, by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with **MICHAEL MONAHAN, NAMED DEFENDANT, A white male approx. 45-55 years of age 5'8"-5'10" in height weighing 240-260 lbs with gray hair.**

No Information was provided or discovered that indicates that the subjects served are members of the U.S. military.

DATED this 21st day of May, 2010.

_signature_

Michael H. Bailey, Reg. # ULG9205, St. Louis, MO

SUBSCRIBED AND SWORN to before me this 21st day of May, 2010

_signature_

NOTARY PUBLIC in and for the State of Missouri
Residing at: _Jeffco_
My Commission Expires: _2-22-14_

FOR: U S DOJ Tax Division -PO BOX 7238 ORIGINAL PROOF OF SERVICE

Tracking #: **6222504** SEA

NOTARY SEAL
SARAH M. HAYES
My Commission Expires
February 22, 2014
Jefferson County
Commission #10938823

# EASTERN MISSOURI LEGAL SERVICES

7777 Bonhomme Avenue, Suite 2250
Clayton, MO 63105-1911
(314) 775-4948
Fax: (314) 726-6087
http://www.easternmissourilegalservices.com
easternmissourilegal@gmail.com

March 24, 2011

## Invoice

Case: Saverin v. United States of America

| Subpoenas Served: | Doug McGregor | $35.00 |
| | Total | $35.00 |

Please make check payable to Eastern Missouri Legal Services and remit payment to the address above. Thank you for letting us get them served.

## Issued by the

# UNITED STATES DISTRICT COURT

EASTERN _____ DISTRICT OF _____ MISSOURI

Ronald Saverin

V.

United States of America

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 4:09-CV-00603-jch

TO: Doug McGregor
c/o ABC Moving & Storage

☑ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY: Thomas Eagleton United States Courthouse 111 S. 10th Street, 20th Floor, St. Louis, MO 63102 | COURTROOM 16 North |
|---|---|
| | DATE AND TIME 4/4/2011 9:00 am |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for United States | DATE 04/22/11 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Allyson Baker, Department of Justice, Civil Tax Division
P.O. Box 7428, Washington, DC 20044; 202-353-8031

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3-22-11 | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Doug McGregor | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Angela Marriott | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   3-22-11
DATE

SIGNATURE OF SERVER

7777 Bonehome Suite 200
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EASTERN MISSOURI LEGAL SERVICES
7777 Bonhomme Avenue, Suite 2250
Clayton, MO 63105-1911
(314) 775-4948
Fax: (314) 726-6087
http://www.easternmissourilegalservices.com
easternmissourilegal@gmail.com

March 31, 2011

## Invoice

Case: Saverin v. United States of America

Subpoenas Served:     Stephen Hiotis                                    $35.00
                              Total                                      $35.00

Please make check payable to Eastern Missouri Legal Services and remit payment
to the address above. Thank you for letting us get them served.

## Issued by the
# UNITED STATES DISTRICT COURT

EASTERN       DISTRICT OF       MISSOURI

Ronald Saverin

V.           **SUBPOENA IN A CIVIL CASE**

United States of America

Case Number:[1] 4:09-CV-00603-jch

TO: Stephen C. Hiotis
      Copeland Thompson Farris PC

☑ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| Thomas Eagleton United States Courthouse 111 S. 10th Street, 20th Floor, St. Louis, MO 63102 | 16 North |
| | DATE AND TIME |
| | 4/1/2011 9:00 am |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Attorney for United States_ | 03/22/11 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Allyson Baker, Department of Justice, Civil Tax Division
P.O. Box 7428, Washington, DC 20044; 202-353-8031

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 3-28-11 | |

SERVED ON (PRINT NAME)

STephen Hootis

MANNER OF SERVICE

Parsonal

SERVED BY (PRINT NAME)

Angelo Marroi

TITLE

Process Serrer

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    3-28-11
DATE

SIGNATURE OF SERVER

7777 Bonhomme Suite 2250
ADDRESS OF SERVER

Clayton mo 63105

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) (A) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or,

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EASTERN MISSOURI LEGAL SERVICES

7777 Bonhomme Avenue, Suite 2250
Clayton, MO 63105-1911
(314) 775-4948
Fax: (314) 726-6087
http://www.easternmissourilegalservices.com
easternmissourilegal@gmail.com

March 18, 2011

## Invoice

Case: Saverin v. United States of America

| Subpoenas Served: | | |
|---|---|---|
| | Christine Ellis (St. Charles County) | $80.00 |
| | Mark Thompson (Jefferson County) | $80.00 |
| | Andrea Dupuis (St. Louis County) | $35.00 |
| | Bonnie Thorn (St. Louis County) | $35.00 |
| | Total | $230.00 |

Please make check payable to Eastern Missouri Legal Services and remit payment to the address above. Thank you for letting us get them served.

## Issued by the

# UNITED STATES DISTRICT COURT

EASTERN      DISTRICT OF      MISSOURI

Ronald Saverin

V.

United States of America

### SUBPOENA IN A CIVIL CASE

Case Number:[1] 4:09-CV-00603-jch

TO: Christine Ellis

☑ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| Thomas Eagleton United States Courthouse<br>111 S. 10th Street, 20th Floor, St. Louis, MO 63102 | 16 North |
| | DATE AND TIME<br>3/31/2011 9:00 am |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Attorney for the United States_ | 03/14/11 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Allyson Baker, Department of Justice, Civil Tax Division
P.O. Box 7428, Washington, DC 20044; 202-353-8031

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3-16-11 | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Christie Ellis | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Angela Marin | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___3-16-11___
DATE

SIGNATURE OF SERVER

___7777 Bonnham Suite 2282___
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

*RETURN*

SAO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

EASTERN     DISTRICT OF     MISSOURI

Ronald Saverin

V.

United States of America

### SUBPOENA IN A CIVIL CASE

Case Number: 4:09-CV-00603-jch

TO: Mark Thompson

☑ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| Thomas Eagleton United States Courthouse 111 S. 10th Street, 20th Floor, St. Louis, MO 63102 | 16 North |
| | DATE AND TIME 4/1/2011 9:00 am |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for United States | 03/04/11 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Allyson Baker, Department of Justice, Civil Tax Division
P.O. Box 7428, Washington, DC 20044; 202-353-8031

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE | |
|---|---|
| DATE 3-16-11 | PLACE |

| SERVED | |
|---|---|
| SERVED ON (PRINT NAME) MARK Thompse | MANNER OF SERVICE Personal |
| SERVED BY (PRINT NAME) Angela Mannoti | TITLE Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _3 - 16 - 11_
DATE

SIGNATURE OF SERVER

7777 Bonhomme Suite 2250
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

EASTERN      DISTRICT OF      MISSOURI

Ronald Saverin

V.

United States of America

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 4:09-CV-00603-jch

TO: Andrea Dupuis

☑ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| Thomas Eagleton United States Courthouse<br>111 S. 10th Street, 20th Floor, St. Louis, MO 63102 | 16 North |
| | DATE AND TIME<br>4/1/2011 9:00 am |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for United States | 03/04/11 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Allyson Baker, Department of Justice, Civil Tax Division
P.O. Box 7428, Washington, DC 20044; 202-353-8031

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE | |
|---|---|
| DATE  3-4-11 | PLACE |

| SERVED | |
|---|---|
| SERVED ON (PRINT NAME)  Andrea Dupuis | MANNER OF SERVICE  Personal |
| SERVED BY (PRINT NAME)  Angela Maman | TITLE  Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    3-4-11 @ 7:30 pm
DATE

SIGNATURE OF SERVER

7777 Bonhomme Suite 2250
ADDRESS OF SERVER

Clayton MO 63105

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

EASTERN        DISTRICT OF        MISSOURI

Ronald Saverin

V.

United States of America

## SUBPOENA IN A CIVIL CASE

Case Number:[1] 4:09-CV-00603-jch

TO: Bonnie Thom

☑ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| Thomas Eagleton United States Courthouse<br>111 S. 10th Street, 20th Floor, St. Louis, MO 63102 | 16 North |
| | DATE AND TIME<br>3/31/2011 9:00 am |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for United States | DATE<br>03/04/11 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Allyson Baker, Department of Justice, Civil Tax Division
P.O. Box 7428, Washington, DC 20044; 202-353-8031

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE | |
|---|---|
| DATE 3-4-11 | PLACE |

| SERVED | |
|---|---|
| SERVED Bonnie Thoan | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE *Personal* |
| SERVED BY (PRINT NAME) Angelo Marnati | TITLE Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on **3-4-11 @ 5:35 pm**
DATE

SIGNATURE OF SERVER

7777 Bonhenne Suite 2250
ADDRESS OF SERVER

Clayton Mo 63105

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).