IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD SAVERIN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Defendant. )<br>_____)<br>UNITED STATES OF AMERICA, )<br>)<br>Counterclaim Plaintiff )<br>v. )<br>)<br>RONALD SAVERIN )<br>)<br>Counterclaim Defendant )<br>and )<br>)<br>DAVID SAVERIN )<br>Counterclaim Defendant. )<br>_____) | Civil No. 4:09-CV-00603-jch |

**UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR
ENTRY OF A MONEY JUDGMENT**

Because the judgment entered by the court did not specify a dollar amount, the government moved for entry of a money judgment based on the Court's granting at trial of the government's Rule 50 motion for judgment as a matter of law. The proposed judgment we submitted was based on IRS account transcripts, which were admitted in evidence, showing the amounts of the trust-fund penalties assessed Ronald Saverin.

Rather than raising any legitimate issue concerning the amounts of those trust-fund

penalty assessments, Saverin's memorandum attempts to relitigate the Rule 50 motion. This is not the time or place for that. Rather, Saverin can raise those issues in a timely filed Rule 59 or Rule 60 motion after a final money judgment is entered for the government. Since Saverin has failed to raise any issue with respect to the amount of the trust-fund penalty assessments, the Government's motion for entry of a money judgment should be granted.

Nevertheless, since Saverin has raised numerous other issues, we respond to them briefly. Saverin conceded at trial that he was a responsible person during each of the eight assessed quarters. Thus, the question for the jury was whether he willfully failed to pay over WenAmerica's trust-fund taxes to the United States. A responsible person is willful as a matter of law if he "knew of payments to other creditors after he was aware of the failure to pay over withholding taxes to the government." *Colosimo v. United States*, 630 F.3d 749 (8th Cir. 2011). *See also Olsen v. United States*, 952 F.2d 236, 240 (8th Cir. 1991). A responsible person also acts willfully "'by proceeding with a reckless disregard of a known or obvious risk that trust funds may not be remitted to the government.'" *Oppliger v. United States*, 2011 WL 1119809 at * 3 (8th Cir., March 29, 2011) (citation omitted).

Saverin contends that even if he acted willfully, he did so only during the second and fourth quarters of 2004, because there was no evidence in the record that he knew about WenAmerica's employment tax liabilities *after* December 2004. Specifically, Saverin asserts that case law holding that a responsible person has acted willfully if "he had knowledge of payments to other creditors, *after* he was aware of the failure to pay over withholding taxes" stems from case law that states that a responsible person may be liable for trust fund penalties that "the employer failed to pay *prior* to his or her knowledge of an outstanding trust fund

liability." (Opp. at 2). To further support this argument, he quotes *Wood v. United States*, 808 F.2d 411, 416 (5th Cir. 1987). But Saverin overlooks the facts of *Wood*. In that case, the defendant had already conceded that he was liable for trust fund penalties for quarters that post-dated the IRS notice that alerted him to the trust-fund delinquencies. *See id*. The only question for the court as to willfulness was whether Wood also was liable for penalties that preceded the date of this notice (and the court found he was). *See id*. Nevertheless, from this case law, Saverin renders the illogical conclusion that consequently he is not liable for any trust-fund taxes that post-date December 2004. Saverin's legal argument makes no sense and assumes away numerous definitions of willfulness.

The facts in the record also tell a different story. Indeed, Saverin actually testified as follows: (1) that in April 2004 (second quarter of 2004) he was aware that WenAmerica owed trust fund taxes to the United States; (2) that in 2005, he was aware that his former colleague Michael Monahan was negotiating an installment agreement (DX H7; Z8) with the IRS to resolve WenAmerica's employment tax delinquencies; (3) that this agreement was executed in June 2005 (second quarter of 2005), which Revenue Officer Wroble confirmed during his testimony; (4) that in July and August 2005 (third quarter of 2005) after Michael Monahan left WenAmerica, Saverin became more involved with WenAmerica's day-to-day business; (5) that starting in late 2004 or early 2005, he established a separate bank account that only he controlled through his management company Western & Southern Management; (6) that through his control of this bank account Saverin ensured that certain "buckets" of WenAmerica expenses were paid, including rent, real estate taxes, royalties, advertising and management fees; (7) that this bank account was not used to pay trust fund taxes; (8) that other individuals at WenAmerica

3

were responsible for making trust fund tax payments; (9) that starting in late 2004 or early 2005, Saverin personally controlled approximately 30% of WenAmerica's monthly receipts, equal to $1.2 million, which were deposited into the bank account that only he controlled; (10) that he made loans to WenAmerica or provided financial backing for WenAmerica loans equal to more than $6 million throughout the company's life; (11) that some of this loan money was used to pay trust-fund taxes; and (12) that Saverin had reservations about the competence of WenAmerica's management team and that he did not consider himself to be a part of the company's management team.  These facts and numerous other facts in the record show that Saverin acted willfully in failing to pay over to the United States WenAmerica's trust-fund taxes during the eight quarters at issue.  *See e.g.*, *Anuforo v. Commissioner of Internal Revenue*, 614 F.3d 799, 806 (8th Cir. 2010) (defining willfulness); *Colosimo*, 630 F.3d at 749.

Saverin also repeats his oft-stated argument that the IRS applied WenAmerica's employment tax payments to non-trust fund taxes and that Saverin did not act willfully because WenAmerica paid enough money to cover its trust fund obligations, regardless of how the IRS allocated these payments.  (Opp. at 4-5).  Here too, Saverin's arguments contradict the actual facts in the record and the relevant law.

Saverin contends that he can be liable for trust-fund penalties only if he knew "that trust funds were not paid to the IRS."  (Opp. at 5).  This is not a complete rendering of how "willful" is defined under law.  But in any event, as noted above, the record at trial established that Saverin did know that the trust-fund taxes were not being paid to the IRS throughout the eight quarters at issue.  He chose to divert funds from the company to a bank account that only he controlled and then used those funds to pay creditors other than the IRS.

4

Additionally, Saverin contends that the United States "cites no rule of law supporting its contention that these assessments standing alone, are sufficient to establish the amount of money damages." (*Id.*)  But this is incorrect, as the government has repeatedly cited authority that a trust-fund penalty assessment is presumptively correct and that Saverin bears the burden of showing that it is not correct.  *See e.g., Honey v. United States*, 963 F.2d 1083, 1087 (8th Cir. 1992) ("Once the IRS makes an assessment of liability, the taxpayer bears the burdens of production and persuasion as to all issues ....").

Saverin also contends that Revenue Officer Wroble testified that "during the periods at issue amounts sufficient to satisfy WenAmerica's trust fund liabilities were paid to the IRS for each quarter." (Opp. at 5.)  But Saverin omits the other portion of Wroble's testimony—that as a matter of policy the IRS always (in the absence of a taxpayer designation) applies employment tax payments to non-trust-fund portions of a company's employment tax liabilities first.  Wroble also testified that the IRS can collect non-trust fund taxes only from the company, and that because WenAmerica is defunct, the IRS is no longer able to recover non-trust fund taxes.[1]  Finally, Saverin contends that the "government failed to meet its burden to prove the correct unpaid amount of the assessments." (*Id.*)  The government, however, has neither the burden of proving the "correct unpaid amount of the assessments" nor of showing that the assessments are

---

[1] *Wood v. United States*, which Saverin quotes in his brief, also undermines his allocation argument.  In *Wood* the defendant, like Saverin here, argued that he did not act willfully because he caused his company, Red Ant, to make employment-tax deposits.  The IRS applied Red Ant's deposits first to non-trust-fund taxes, leaving the company with an outstanding trust-fund liability.  *See Wood*, 808 F.2d at 417.  The court rejected Wood's argument that this somehow absolved Wood of liability for trust-fund penalties.  The court noted that Wood did not do "all the law required of him," and that Wood's "disregard for the obvious risk that the IRS would apply the deposits to the FICA employers' tax rather than the withholding taxes is sufficient to establish willfulness for the amounts deposited by Red Ant." *Id*.

correct. Rather, it is Saverin who bears the burden of showing that the assessments are not presumptively correct. Saverin did not rebut this presumption at trial. The United States is entitled to entry of a money judgment in the amount of $1,125,574.95 plus interest accruing from the dates of assessment.

## CONCLUSION

For all of the foregoing reasons, United States respectfully requests that the Court grant the government's Motion for Entry of a Money Judgment.

Dated: April 22, 2011

>Respectfully submitted,
>
>RICHARD G. CALLAHAN
>United States Attorney
>
>/s/ Sherra Wong
>ALLYSON B. BAKER
>D.C. Bar # 478073
>SHERRA WONG
>Trial Attorneys, Tax Division
>U.S. Department of Justice
>Post Office Box 7238
>Ben Franklin Station
>Washington, D.C.  20044
>Telephone: (202) 353-8031 (Baker)
>Fax: (202) 514-6770
>E-mail: Allyson.B.Baker@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Nicholas J. Richards
Stephen Anderson
2100 W. Littleton Blvd., Suite 300
Littleton, CO 80120
nick@andersonjahde.com

*Attorneys for Ronald Saverin*

           /s/ Sherra Wong
           SHERRA WONG

           *Attorney for the United States*